ANDREW M. CALAMARI
REGIONAL DIRECTOR
Sanjay Wadhwa
Wendy B. Tepperman
Dugan Bliss
Jonathan M. Grant
Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
New York Regional Office
200 Vesey Street, Suite 400
New York, New York 10281-1022
(212) 336-0971 (Bliss)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION, | 17 Civ. (  ) |
| Plaintiff, | ECF Case |
| -against- | COMPLAINT |
| BARRY F. CONNELL, | JURY TRIAL DEMANDED |
| Defendant. | |

Plaintiff Securities and Exchange Commission ("Commission"), for its Complaint against defendant Barry F. Connell ("Connell"), alleges as follows:

<u>SUMMARY OF ALLEGATIONS</u>

1.      This case involves the misappropriation of approximately $5 million from investment advisory clients by Connell, a financial advisor at a large financial institution registered with the Commission as an investment adviser and broker-dealer ("Financial Institution A").  From approximately December 2015 through November 2016, Connell carried out his scheme primarily by moving funds between certain client accounts and issuing wire transfers and checks from the accounts to third parties for his benefit.  Over the course of

approximately 11 months, Connell made more than 100 unauthorized transactions through the creation of internal forms falsely representing that he had received verbal client authorizations for the transactions.

## VIOLATIONS

2.      By virtue of the conduct alleged herein, Connell, directly or indirectly, singly or in concert, engaged in transactions, acts, practices and courses of business that constitute violations of Section 206(1) and Section 206(2) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1) and 80b-6(2)].

3.      Unless Connell is permanently restrained and enjoined, he will again engage in the acts, practices, transactions and courses of business set forth in this Complaint and in acts, practices, transactions and courses of business of similar type and object.

## NATURE OF THE PROCEEDINGS AND RELIEF SOUGHT

4.      The Commission brings this action pursuant to authority conferred by Section 209(d) of the Advisers Act [15 U.S.C. § 80b-9(d)], seeking to restrain and permanently enjoin Connell from engaging in the acts, practices, transactions and courses of business alleged herein.

5.      The Commission seeks a judgment permanently enjoining Connell from future violations of the Advisers Act provisions that Connell violated as alleged in this Complaint, ordering Connell to disgorge his ill-gotten gains and to pay prejudgment interest thereon, and imposing civil money penalties pursuant to Section 209(e) of the Advisers Act [15 U.S.C. § 80b-9(e)]. Finally, the Commission seeks any other relief the Court may deem just and appropriate.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this action pursuant to Sections 209(d), 209(e), and 214 of the Advisers Act [15 U.S.C. §§ 80b-9(d), 80b-9(e), and 80b-14].

7.     Venue is proper in this district pursuant to Section 214 of the Advisers Act [15 U.S.C. § 80b-14].  Certain transactions, acts, practices, and courses of business constituting the violations alleged herein occurred within this district.  For example, certain wire transactions that form the basis of violations alleged in this Complaint were routed to a financial institution in the borough of Manhattan in New York, New York.

8.     In connection with the conduct alleged in this Complaint, Connell, directly or indirectly, made use of the mails or the means or instrumentalities of, interstate commerce.

## DEFENDANT

9.     **Connell**, age 50, with a last known permanent residence in Chester, New Jersey, was employed by Financial Institution A as an investment adviser representative and registered representative in New York and New Jersey from May 2008 until he was terminated in November 2016 in connection with conduct alleged herein.

## FACTS

10.     Beginning in approximately June 2015, Clients A, B, C, and D opened fee-based investment advisory accounts at Financial Institution A for which Connell acted as the designated financial advisor and had discretion over investment decisions in such advisory accounts.  Clients A and B are a married couple and Client C is their daughter.  Client D is a trust for which Client C serves as a co-trustee.  Clients A, B, C, and D opened and maintained such accounts at Financial Institution A on the basis that Connell would provide investment advice and manage their investments in exchange for a fee.  Connell was compensated by Financial Institution A based on fees generated from accounts he served, including those of Clients A, B, C, and D.

11.     As their investment adviser, Connell owed Clients A, B, C, and D an affirmative

fiduciary duty of utmost good faith.  In egregious violation of those duties, from at least December 2015, Connell began misappropriating funds from accounts held at Financial Institution A in the name of Clients A, B, C, and D.

12.     Connell misappropriated these funds by initiating numerous unauthorized third-party wire transfers and issuing a series of unauthorized checks from a Client C advisory account and a Client D advisory account.  Connell directed the unauthorized third-party payments to individuals and entities to cover his personal expenses and fund his lavish lifestyle, including, among other things, for a rental home lease in Henderson, Nevada, a country club membership, and private jet service.

13.     To fund some of his misappropriation, Connell also made a series of unauthorized cash transfers from accounts in the name of Clients A and B to the Client C account and the Client D account to augment the existing funds in the Clients C and D accounts, which he then misappropriated.  Connell also made several unauthorized transfers from the Client D account to the Client C account for the same purpose.

14.     To effectuate most of these unauthorized transactions, Connell used falsified authorization forms representing that he had received verbal requests from the clients for third-party wires, checks, and journals between the Accounts.  In some instances, Connell also used blank checks for the Client C and D accounts to make unauthorized payments for his own benefit.

15.     In total, over the course of approximately 11 months, Connell effectuated more than 100 unauthorized transactions, including more than $2 million in transfers between the accounts and approximately $5 million in unauthorized third-party payments in the form of wire transfers and checks.

## CLAIM FOR RELIEF
### (Violations of Sections 206(1) and 206(2) of the Advisers Act)

16.     The Commission realleges and incorporates by reference herein each and every allegation contained in paragraphs 1 through 15 of this Complaint.

17.     By engaging in the conduct described above, Connell, while acting as an investment adviser, by use of the means of and instrumentalities of interstate commerce or the mails, directly or indirectly:

      (a)     employed devices, schemes, or artifices to defraud clients; and

      (b)     engaged in transactions, practices, or courses of business which operate as a fraud or deceit upon clients.

18.     By reason of the foregoing, Connell, directly or indirectly, singly or in concert, has violated, and unless enjoined, will continue to violate Sections 206(1) and 206(2) of the Advisers Act [15 U.S.C. §§ 80b-6(1) and 80b-6(2)].

## PRAYER FOR RELIEF

**WHEREFORE**, the Commission respectfully requests that the Court issue a Final Judgment:

### I.

Permanently restraining and enjoining Connell, his agents, servants, employees and attorneys and all persons in active concert or participation with him, who receive actual notice of the injunction by personal service or otherwise, and each of them, from future violations of Sections 206(1) and 206(2) of the Advisers Act [15 U.S.C. §§ 80b-6(1) and 80b-6(2)];

### II.

Ordering Connell to disgorge all of the ill-gotten gains from the violations alleged in this complaint, and ordering him to pay prejudgment interest thereon;

III.

Ordering Connell to pay civil money penalties pursuant to Section 209(e) of the Advisers

Act [15 U.S.C. § 80b-9(e)]; and

IV.

Granting such other and further relief as this Court deems just and proper.

Dated: February 3, 2017
New York, New York

By:

Andrew M. Calamari
Sanjay Wadhwa
Wendy B. Tepperman
Dugan Bliss
Jonathan M. Grant
Attorneys for Plaintiff
SECURITIES AND EXCHANGE COMMISSION
New York Regional Office
200 Vesey Street, Suite 400
New York, New York 10281-1022
(212) 336-0971 (Bliss)
Email: BlissD@sec.gov